# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUDSON,<br><br>    Petitioner,<br><br>v.<br><br>C. PFEIFFER,[1]<br><br>    Respondent. | Case No. 1:17-cv-00982-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND ALLOW PETITIONER TO CONVERT PETITION TO CIVIL RIGHTS ACTION UNDER 42 U.S.C. § 1983<br><br>ORDER DIRECTING CLERK OF COURT TO AMEND CAPTION<br><br>(ECF No. 10) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation serving an indeterminate sentence of thirty-seven years to life. (ECF No. 1 at 1[2]; ECF No. 10-1). On July 24, 2017, Petitioner filed the instant petition for writ of habeas corpus, challenging a prison disciplinary proceeding in which he was found guilty of possession of a controlled substance for distribution and sale and penalized with a 180-day loss of custody

---

[1] Respondent informs the Court that the correct spelling of Respondent's name is C. Pfeiffer. (ECF No. 10 at 1 n.1).
[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  credit. (ECF No. 1). Petitioner asserts the following claims: (1) insufficient evidence to support
2  the finding of guilt; (2) contamination of evidence; (3) untimely hearing on the rules violation
3  report ("RVR"); and (4) untimely reissuance and rehearing of the RVR. (ECF No. 1 at 4–5). On
4  September 25, 2017, Respondent filed a motion to dismiss for lack of jurisdiction. (ECF No. 10).
5  Petitioner has filed an opposition. (ECF No. 11).

## II.

## DISCUSSION

### A. Federal Habeas Jurisdiction

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has adopted a rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

Here, Petitioner challenges a prison disciplinary proceeding in which he was found guilty and was penalized with a 180-day loss of custody credit. However, Petitioner is serving an indeterminate sentence, and thus, success on Petitioner's claims would not necessarily lead to his immediate or earlier release from confinement because expungement of the challenged disciplinary violation and restoration of any lost credits would not necessarily lead to a grant of parole. See Nettles, 830 F.3d at 935 (noting that under California law, the parole board must consider all relevant reliable information in determining suitability for parole and has the

1 authority to deny parole on the basis of any grounds presently available to it). Based on the foregoing, Petitioner's claim is not cognizable in federal habeas corpus.

### B. Conversion to § 1983 Civil Rights Action

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes, however, that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

If Petitioner chooses to convert the instant matter to a civil rights action, the filing fee for § 1983 civil rights cases is $350. Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted in forma pauperis status. See 28 U.S.C. § 1915(b)(1).[3]

## III.

## RECOMMENDATION AND ORDER

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be GRANTED; and
2. Petitioner be given the opportunity to convert the petition to a civil rights action under 42 U.S.C. § 1983.

Further, the Clerk of Court is DIRECTED to amend the caption in this matter to reflect the name of C. Pfeiffer as Respondent.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

---

[3] The Court notes that Petitioner has been authorized to proceed in forma pauperis in this case. (ECF No. 4).

3

Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 13, 2017**

UNITED STATES MAGISTRATE JUDGE